

DOCKETED ON CM

AUG 3 0 2007

BY _____ M⊘ _____ 009

FILED
CLERK, U.S. DISTRICT COURT

AUG 29 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cari Garrison,<br><br>                Plaintiff,<br><br>   v.<br><br>Aetna Life Insurance<br>Company, et al.,<br><br>              Defendants. | Case No. **CV 07-3094-JFW (Ex)**<br><br>**SCHEDULING AND CASE MANAGEMENT ORDER**<br><br>**SEE LAST PAGE FOR TRIAL AND PRE-TRIAL DATES** |

    The purpose of this Order is to enable the parties and their counsel to know well in advance the schedule that will govern this action.  SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES.  Ordinarily, the dates set forth on the last page are determined after consultation with the parties at the Fed.R.Civ.P. 16(b) Scheduling Conference and this Order is distributed to them at that time.  Accordingly, the dates and requirements are firm.  The Court is very unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a concrete showing.  **Because this Order in some respects modifies the applicable Local Rules, counsel are advised to read it carefully to**

1 avoid default on the obligations established herein.  Counsel

2 are advised to pay particular attention to the requirements

3 of the Court with respect to the filing of motions for

4 summary judgment and documents to be submitted at the Pre-

5 Trial Conference and Trial.

6      IT IS HEREBY ORDERED:

7 **1.  DISCOVERY**

8      All discovery shall be completed by the discovery cut-off

9 date specified on the last page of this Order.  **THIS IS NOT**

10 **THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS**

11 **THE DATE BY WHICH ALL DISCOVERY, INCLUDING EXPERT DISCOVERY,**

12 **IS TO BE COMPLETED.**

13      Any motion challenging the adequacy of responses to

14 discovery must heard sufficiently in advance of the discovery

15 cut-off date to permit the responses to be obtained before

16 that date if the motion is granted.

17      In an effort to provide further guidance to the parties,

18 the Court notes the following:

19      **(a)  Depositions**

20      All depositions shall be scheduled to commence

21 sufficiently in advance of the discovery cut-off date to

22 permit their completion and to permit the deposing party

23 enough time to bring any discovery motions concerning the

24 deposition prior to the cut-off date.

25      **(b)  Written Discovery**

26      All interrogatories, requests for production of

27 documents, and requests for admissions shall be served

28 sufficiently in advance of the discovery cut-off date to

1  permit the discovering party enough time to challenge (via
2  motion practice) responses deemed to be deficient.
3      **(c)   Discovery Motions**
4      Whenever possible, the Court expects the parties to
5  resolve discovery issues among themselves in a courteous,
6  reasonable, and professional manner.  If they do so, resort
7  to the Court for guidance in discovery is seldom necessary.
8  The Magistrate Judge assigned to this case will rule on
9  discovery motions.
10     **(d)   Expert Discovery**
11     If expert witnesses are to be called at trial, the
12 parties shall designate _affirmative_ experts to be called at
13 trial and provide reports required by Fed.R.Civ.P.
14 26(a)(2)(B) not later than eight weeks prior to the discovery
15 cut-off date.  _Rebuttal_ expert witnesses shall be designated
16 and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B)
17 not later than five weeks prior to the discovery cut-off
18 date.  Expert witnesses will be bound by the opinions
19 expressed in their reports prepared in accordance with
20 Fed.R.Civ.P. 26(a)(2)(B) and will not be permitted to offer
21 new matters at trial.  Failure to timely comply with this
22 deadline may result in the expert being excluded at trial as
23 a witness.
24 **2.   MOTIONS - GENERAL PROVISIONS**
25     All law and motion matters, except for motions in limine,
26 must be set for _hearing_ (not filing) by the motion cut-off
27 date specified on the last page of this Order.  The Court
28 will deny or strike late-filed motions.  If the Court

1  concludes that a motion can be resolved without argument, the
2  Court will notify the parties in advance.

3      The parties must adhere to the requirements of the Local
4  Rules.  *See* Local Rules 7-1, *et seq*.  If any party does not
5  oppose a motion, that party shall submit a written statement
6  that it does not oppose the motion in accordance with Local
7  Rule 7-9.  The parties should note that failure to meet the
8  time limits for filing an opposition set forth in Local Rule
9  7-9 shall be deemed consent to the granting of the motion.
10 *See* Local Rule 7-12.

11     The title page of all motions must state the Pre-Trial
12 Conference date and the Trial date.  To insure that the Court
13 receives oppositions and replies in a timely fashion,
14 courtesy copies, conformed to reflect that they have been
15 filed, should be deposited in the drop box located in the
16 entrance way to Chambers.

17     Issues left undetermined after the passage of the motion
18 cut-off date should be listed as issues for trial in the Pre-
19 Trial Conference Order.  As an exception to the above,
20 motions in limine dealing with evidentiary matters may be
21 heard pursuant to the schedule specified on the last page of
22 this Order, however, the Court will not hear or resolve
23 summary judgment motions disguised as motions in limine.

24     Ex parte practice is strongly discouraged.  *See Mission*
25 *Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488
26 (C.D. Cal. 1995).  The Court will require strict adherence to
27 proper ex parte procedures for any ex parte application filed
28 with the Court.  *Id.* at 492; *see also* Local Rule 7-19.

**(a)  Applications and Stipulations to Extend Time**

No applications or stipulations extending the time to
file any required document or to continue any date are
effective until and unless the Court approves them.
Applications and/or stipulations to extend the time to file
any required document or to continue any hearing, Pre-Trial
date, or the Trial date must set forth the following:

(i)  the existing due date or hearing date, as well
as all dates currently set by the Court in this Order,
including the discovery cut-off date, the Pre-Trial
Conference date, and the Trial date;

(ii) the new dates proposed by the parties;

(iii) specific, concrete reasons supporting good
cause for granting the extension; and

(iv) whether there have been prior requests for
extensions by any party, and whether those requests were
granted or denied by the Court.

**(b)  Joinder of Parties and Amendment of Pleadings**

The deadline for joining parties and amending pleadings
is ninety days after the date of the Scheduling Conference.
Any motions to join other parties or for leave to amend the
pleadings shall be filed within sixty days of the date of the
Scheduling Conference so that they can be heard and decided
prior to the deadline.

In addition to the requirements of Local Rule 15-1, all
motions to amend the pleadings shall: (1) state the effect of
the amendment; (2) be serially numbered to differentiate the
amendment from previous amendments; and (3) state the page,

1  line number(s), and wording of any proposed change or

2  addition of material.  The parties shall deliver to Chambers

3  a redlined version of the proposed amended pleading

4  indicating all additions and/or deletions of material.

5  **3.  SUMMARY JUDGMENT MOTIONS**

6      The Court will only entertain ONE summary judgment motion

7  by a party.  In the event a party believes that more than one

8  summary judgment motion is necessary to expedite the

9  resolution of issues in the action, the party must obtain

10  leave of court to file more than one summary judgment motion.

11  The Court will require strict adherence to the following

12  requirements:

13      (a)  **Separate Statement Of Uncontroverted Facts and**

14          **Statement of Genuine Issues of Material Fact**

15      The Separate Statement of Uncontroverted Facts is to be

16  prepared in a two column format.  The left hand column should

17  set forth the allegedly undisputed fact.  The right hand

18  column should set forth the evidence that supports the

19  factual statement.  The factual statements should be set

20  forth in sequentially numbered paragraphs.  Each paragraph

21  should contain a narrowly focused statement of fact.  Each

22  numbered paragraph should address a single subject in as

23  concise a manner as possible.

24      The opposing party's Statement of Genuine Issues of

25  Material Fact must track the movant's Separate Statement

26  exactly as prepared.  The document must be in two columns;

27  the left hand column must restate the allegedly undisputed

28  fact, and the right hand column must indicate either

1  undisputed or disputed.  The opposing party may dispute all
2  or only a portion of the statement, but if disputing only a
3  portion, must clearly indicate what part is being disputed.
4  Where the opposing party is disputing the fact in whole or
5  part, the opposing party must, in the right hand column,
6  label and restate the moving party's evidence in support of
7  the fact, followed by the opposing party's evidence
8  controverting the fact.  Where the opposing party is
9  disputing the fact on the basis of an evidentiary objection,
10 the party must cite to the evidence alleged to be
11 objectionable and state the ground of the objection and
12 nothing more.  **No argument should be set forth in this**
13 **document.**

14      The opposing party may submit additional material facts
15 that bear on or relate to the issues raised by the movant,
16 which shall follow the format described above for the moving
17 party's Separate Statement.  These additional facts shall
18 follow the movant's facts, shall continue in sequentially
19 numbered paragraphs (*i.e.*, if movant's last statement of fact
20 was set forth in paragraph 30, then the first new fact will
21 be set forth in paragraph 31), and shall set forth in the
22 right hand column the evidence that supports that statement.
23      The moving party, in its reply, shall respond to the
24 additional facts in the same manner and format that the
25 opposing party is required to adhere to in responding to the
26 Statement of Uncontroverted Facts, as described above.
27 / / /
28 / / /

1       **(b)  <u>Supporting Evidence</u>**

2       No party should submit any evidence other than the

3  specific items of evidence or testimony necessary to support

4  or controvert a proposed statement of undisputed fact.  Thus,

5  for example, entire sets of interrogatory responses, or

6  documents that do not specifically support or controvert

7  material in the Separate Statements should not be submitted

8  in support of or in opposition to a motion for summary

9  judgment.  Any such material will not be considered.

10      Evidence submitted in support of or in opposition to a

11 motion for summary judgment should be submitted either by way

12 of stipulation or as exhibits to declarations sufficient to

13 authenticate the proffered evidence, and should not be

14 attached to the memorandum of points and authorities.  The

15 Court will accept counsel's authentication of deposition

16 transcripts, written discovery responses, and the <u>receipt</u> of

17 documents in discovery <u>if the fact that the document was in</u>

18 <u>the opponent's possession is of independent significance</u>.

19 Documentary evidence as to which there is no stipulation

20 regarding foundation must be accompanied by the testimony,

21 either by declaration or properly authenticated deposition

22 transcript, of a witness who can establish its authenticity.

23      If a party wishes to offer deposition testimony in

24 support of or in opposition to a motion for summary judgment,

25 that party shall file with the Court a copy of the entire

26 transcript of each deposition referenced.  Additionally, the

27 party shall also prepare and file a separate document for

28 each deponent which contains only those questions and

1 answers, and any objections made at the time of the

2 deposition to those questions and/or answers, that a party is

3 relying on to support their motion, with a citation to the

4 appropriate page and line number(s) in the deposition

5 transcript.

6      All evidence in support of or in opposition to a motion

7 for summary judgment, including declarations and exhibits to

8 declarations, shall be separated by a tab divider on the

9 bottom of the page.  If evidence in support of or in

10 opposition to a motion for summary judgment exceeds twenty

11 pages, the evidence must be in a separately bound volume and

12 include a Table of Contents.  If the supporting evidence

13 exceeds fifty pages, the Court's courtesy copy of the

14 supporting evidence shall be placed in a slant D-ring binder

15 with each item of evidence separated by a tab divider on the

16 right side.  All documents contained in the binder must be

17 three hole punched with the oversized 13/32" hole size, not

18 the standard 9/32" hole size.

19      (c)  **Objections to Evidence**

20      If a party disputes a fact based in whole or in part on

21 an evidentiary objection, the ground for the objection, as

22 indicated above, should be stated in the Separate Statement

23 but not argued in that document.  Evidentiary objections are

24 to be addressed in a separate memorandum to be filed with the

25 opposition or reply brief of the party.  This memorandum

26 should be organized **to track the paragraph numbers of the**

27 **Separate Statement in sequence**.  It should identify the

28 specific item of evidence to which objection is made, or in

1   the case of deposition testimony it should quote the relevant

2   testimony, the ground for the objection, and a very brief

3   argument with citation to authority as to why the objection

4   is well taken.  The following is an example of the format

5   contemplated by the Court:

6           <u>Separate Statement Paragraph 1</u>: Objection to the

7       supporting deposition testimony of Jane Smith [quote

8       testimony] at 60:1-10 on the grounds that the statement

9       constitutes inadmissible hearsay and no exception is

10      applicable.  To the extent it is offered to prove her

11      state of mind, it is irrelevant since her state of mind

12      is not in issue.  Fed. R. Evid. 801, 802.

13  **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

14  **OPPONENT'S STATEMENTS OF UNDISPUTED FACT. THESE WILL BE**

15  **DISREGARDED AND OVERRULED.**

16      (d)  <u>**The Memorandum of Points and Authorities**</u>

17      The movant's memorandum of points and authorities should

18  be in the usual form required under Local Rule 7 and should

19  contain a narrative statement of facts as to those aspects of

20  the case that are before the Court.  All facts should be

21  supported with citations to the paragraph number in the

22  Separate Statement that supports the factual assertion <u>and</u>

23  <u>not to the underlying evidence</u>.

24      Unless the case involves some unusual twist, the motion

25  need only contain a brief statement of the Fed.R.Civ.P. 56

26  standard; the Court is familiar with the Rule and with its

27  interpretation under *Celotex* and its progeny.  If at all

28  possible, the argument should be organized to focus on the

1  pertinent elements of the claim(s) for relief or defense(s)

2  in issue, with the purpose of showing the existence or non-

3  existence of a genuine issue of material fact for trial on

4  that element of the claim or defense.

5      Likewise, the opposition memorandum of points and

6  authorities should be in the usual form required by Local

7  Rule 7.  Where the opposition memorandum sets forth facts,

8  the memorandum should cite to paragraphs in the Separate

9  Statement if they are not in dispute, to the evidence that

10  contravenes the fact where the fact is in dispute, or, if the

11  fact is contravened by an additional fact in the Statement of

12  Genuine Issues of Material Fact, the citation should be to

13  such fact by paragraph number.

14      **(e)  Proposed Statement of Decision**

15      Each party shall file and serve a Proposed Statement of

16  Decision, which shall contain a statement of the relevant

17  facts and applicable law with citations to case law and the

18  record.  The Proposed Statement of Decision shall not exceed

19  five pages and shall be in a form that would be appropriate

20  for the Court to enter as its final order on the motion.

21      **(f)  Timing**

22      In virtually every case, the Court expects that the

23  moving party will provide more than the minimum twenty-one

24  day notice for such motions. **[NOTE: Parties need not wait**

25  **until the motion cut-off to bring motions for summary**

26  **judgment or partial summary judgment. Early completion of**

27  **non-expert discovery and filing of motions for summary**

28  **judgment may eliminate or reduce the need for expensive**

11

1  expert depositions which are normally conducted in the last
2  stages of discovery.]
3      __Caveat__:   Failure to respond to a Motion for Summary
4  Judgment or Partial Summary Judgment ("Motion") will be
5  deemed by the Court as consent to the granting of the Motion.
6  4.  MOTIONS IN LIMINE
7      Before filing any motion in limine, counsel for the
8  parties shall confer in a good faith effort to eliminate the
9  necessity for hearing the motion in limine or to eliminate as
10 many of the disputes as possible.  It shall be the
11 responsibility of counsel for the moving party to arrange for
12 this conference.  The conference shall take place in person
13 within ten calendar days of service upon opposing counsel of
14 a letter requesting such conference, but in no event later
15 than twenty-one days before the Pre-Trial Conference.  Unless
16 counsel agree otherwise, the conference shall take place at
17 the office of the counsel for the moving party.  If both
18 counsel are not located in the same county in the Central
19 District, the conference may take place by telephone.  The
20 moving party's letter shall identify the testimony, exhibits,
21 or other specific matters alleged to be inadmissible and/or
22 prejudicial, shall state briefly with respect to each such
23 matter the moving party's position (and provide any legal
24 authority which the moving party believes is dispositive),
25 and shall specify the terms of the order to be sought.
26     If counsel are unable to resolve their differences, they
27 shall prepare a separate, sequentially numbered Joint Motion
28 in Limine for each issue in dispute which contains a clear

1  caption which identifies the moving party and the nature of
2  the dispute (*i.e.*, "Plaintiff's Motion in limine #1 to
3  exclude the testimony of Defendant's expert").  Each Joint
4  Motion in Limine shall consist of one document signed by all
5  counsel.  The Joint Motion in Limine shall contain a clear
6  identification of the testimony, exhibits, or other specific
7  matters alleged to be inadmissible and/or prejudicial and a
8  statement of the specific prejudice that will be suffered by
9  the moving party if the motion is not granted.  The
10  identification of the matters in dispute shall be followed by
11  each party's contentions and each party's memorandum of
12  points and authorities.  The title page of the Joint Motion
13  in Limine must state the Pre-Trial Conference date, hearing
14  date for the motions in limine, and the Trial date.
15      Joint Motions in Limine made for the purpose of
16  precluding the mention or display of inadmissible and/or
17  prejudicial matter in the presence of the jury shall be
18  accompanied by a declaration that includes the following:
19  (1) a clear identification of the specific matter alleged to
20  be inadmissible and/or prejudicial; (2) a representation to
21  the Court that the subject of the motion in limine has been
22  discussed with opposing counsel, and that opposing counsel
23  has either indicated that such matter will be mentioned or
24  displayed in the presence of the jury before it is admitted
25  in evidence or that counsel has refused to stipulate that
26  such matter will not be mentioned or displayed in the
27  presence of the jury unless and until it is admitted in
28  evidence; and (3) a statement of the specific prejudice that

1 | will be suffered by the moving party if the motion in limine

2 | is not granted.

3 | Unless ordered by the Court, no supplemental or separate

4 | memorandum of points and authorities shall be filed by either

5 | party in connection with any motion in limine.

6 | All evidence in support of or in opposition to a motion

7 | in limine, including declarations and exhibits to

8 | declarations, shall be separated by a tab divider on the

9 | bottom of the page.  If evidence in support of or in

10 | opposition to a motion in limine exceeds twenty pages, the

11 | evidence must be in a separately bound volume and include a

12 | Table of Contents.  If the supporting evidence exceeds fifty

13 | pages, the Court's courtesy copy of the supporting evidence

14 | shall be placed in a slant D-ring binder with each item of

15 | evidence separated by a tab divider on the right side.  All

16 | documents contained in the binder must be three hole punched

17 | with the oversized 13/32" hole size, not the standard 9/32"

18 | hole size.

19 | The Court will not consider any motion in limine in the

20 | absence of a joint motion or a declaration from counsel for

21 | the moving party establishing that opposing counsel: (a)

22 | failed to confer in a timely manner; (b) failed to provide

23 | the opposing party's portion of the joint motion in a timely

24 | manner; or (c) refused to sign and return the joint motion

25 | after the opposing party's portion was added.

26 | Unless otherwise ordered by the Court, motions in limine

27 | will be heard on the date specified on the last page of this

28 | Order.  Unless the Court in its discretion otherwise allows,

1   no motions in limine shall be filed or heard on an ex parte

2   basis, absent a showing of irreparable injury or prejudice

3   not attributable to the lack of diligence of the moving

4   party.

5       The failure of any counsel to comply with or cooperate in

6   the foregoing procedures will result in the imposition of

7   sanctions, including a resolution of the issue against the

8   party refusing to cooperate.

9   **5.   PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**

10      **(a)   General Provisions**

11      The Pre-Trial Conference ("PTC") will be held on the date

12  specified on the last page of this Order, unless the Court

13  expressly waived a PTC at the Scheduling Conference.   If

14  adjustments in the Court's calendar to accommodate congestion

15  become necessary, the Court may re-schedule the PTC instead

16  of the trial date.   Therefore, the parties should assume that

17  if the PTC goes forward, the trial <u>will</u> go forward without

18  continuance, although some brief period of trailing may prove

19  necessary.

20      The lead trial attorney on behalf of each party shall

21  attend both the PTC and all meetings of the parties in

22  preparation for the PTC, unless excused for good cause shown

23  in advance of the PTC.

24      A continuance of the PTC at the parties' request or by

25  stipulation is <u>highly</u> unlikely.  **Specifically, failure to**

26  **complete discovery is not a ground for continuance.**   In the

27  unlikely event that the Court agrees to continue the PTC, the

28  trial date is likely to be delayed as a result.   If a change

15

1  in the trial date is necessitated or likely because of the
2  Court's calendar or otherwise, modifications of that date
3  will be discussed at the PTC.

4      At the PTC, the parties should be prepared to discuss
5  means of streamlining the trial, including, but not limited
6  to:  bifurcation; presentation of foundational and non-
7  critical testimony and direct testimony by deposition
8  excerpts; narrative summaries and/or stipulations as to the
9  content of testimony; presentation of testimony on direct
10 examination by affidavit or by declaration subject to cross-
11 examination; and qualification of experts by admitted
12 resumes.  The Court will also discuss settlement.

13      **(b)   Form of Pre-Trial Conference Order ("PTCO")**

14      The proposed PTCO shall be lodged by the date specified
15 on the last page of this Order.  Adherence to this time
16 requirement is necessary for in-chambers preparation of the
17 matter.  The form of the proposed PTCO shall comply with
18 Appendix A to the Local Rules and the following:

19          (i)  Place in "ALL CAPS" and in **bold** the separately
20 numbered headings for each category in the PTCO (*e.g.*, "1.
21 **THE PARTIES**" or "7.  **CLAIMS AND DEFENSES OF THE PARTIES**").

22          (ii) Include a Table of Contents at the beginning.

23          (iii) In specifying the surviving pleadings under
24 Section 1, state which claims or counterclaims have been
25 dismissed or abandoned (*e.g.*, "Plaintiff's second cause of
26 action for breach of fiduciary duty has been dismissed.").
27 Also, in multiple party cases where not all claims or
28 counterclaims will be prosecuted against all remaining

16

1  parties on the other side, specify to which party each claim

2  or counterclaim is directed.

3         (iv) In drafting the PTCO, the Court expects that

4  the parties will attempt to agree on and set forth as many

5  uncontested facts as possible.  The Court will usually read

6  the uncontested facts to the jury at the start of the trial.

7  A carefully drafted and comprehensively stated stipulation of

8  facts will reduce the length of trial and increase jury

9  understanding of the case.

10        **(v)  In specifying the parties' claims and defenses**

11  **in Section 7 of the PTCO, each party shall closely follow the**

12  **examples set forth in Appendix A of the Local Rules.**

13        (vi) The Court may submit fact issues to the jury in

14  the form of findings on a special verdict.  The issues of

15  fact should track the elements of a claim or defense on which

16  the jury will be required to make findings.

17        (vii) If expert witnesses are to be called at trial,

18  each party must list and identify its respective expert

19  witnesses, both retained and non-retained.  Failure of a

20  party to list and identify an expert witness in the PTCO

21  shall preclude the party from calling that expert witness at

22  trial.

23     **(c)    Rule 16 Filings; Memoranda; Witness Lists; Exhibit**

24  **Lists**

25     The parties must comply fully with the requirements of

26  Local Rule 16.  They shall file carefully prepared Memoranda

27  of Contentions of Fact and Law (which may also serve as the

28  trial brief), along with their respective Witness Lists and

17

1 Exhibit Lists, all in accordance with the Local Rules.   See
2 the last page of this Order for applicable dates.
3     **(d)  Summary of Witness Testimony and Time Estimates**
4     Counsel shall prepare a list of their witnesses,
5 including a brief summary (two to three paragraphs) of each
6 witness's expected testimony, an estimate of the length of
7 time needed for direct examination, and whether the witness
8 will testify by deposition or in person.   Counsel shall
9 exchange these lists with opposing counsel.  **Counsel shall**
10 **jointly file a single list of witness testimony summaries,**
11 **including estimates for direct examination of their own**
12 **witnesses and estimates for cross-examination of opposing**
13 **witnesses.**   The joint witness testimony summaries shall be
14 filed at the same time counsel lodge the PTCO.   If a party
15 intends to offer deposition testimony into evidence at trial,
16 the party shall comply with the requirements of Local Rule
17 16-2.7.
18     **(e)  Pre-Trial Exhibit Stipulation**
19     The parties shall prepare a Pre-Trial Exhibit Stipulation
20 which shall contain each party's numbered list of all trial
21 exhibits, with objections, if any, to each exhibit including
22 the basis of the objection and the offering party's response.
23 All exhibits to which there is no objection shall be deemed
24 admitted.   All parties shall stipulate to the authenticity of
25 exhibits whenever possible, and the Pre-Trial Exhibit
26 Stipulation shall identify any exhibits for which
27 authenticity has not been stipulated to and the specific
28 reasons for the party's failure to stipulate.

1    The Stipulation shall be substantially in the following

2 form:

3                    Pre-Trial Exhibit Stipulation

4 Plaintiff(s)' Exhibits

5 Number  Description      If Objection, State Grounds    Response to Objection

6

7 Defendant(s)' Exhibits

8 Number  Description      If Objection, State Grounds    Response to Objection

9

10    The Pre-Trial Exhibit Stipulation shall be filed at the

11 same time counsel lodge the PTCO.  Failure to comply with

12 this paragraph shall constitute a waiver of all objections.

13 **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

14 **OPPOSING PARTY'S EXHIBITS. THESE WILL BE DISREGARDED AND**

15 **OVERRULED.**

16    **(f) Jury Instructions, Verdict Forms, Special**

17 **Interrogatories**

18          (i)  Fourteen days before the Local Rule 16-2

19 meeting, the parties shall exchange proposed jury

20 instructions, verdict forms, and special interrogatories.

21 Seven days before the meeting, counsel shall exchange written

22 objections, if any, to proposed jury instructions, verdict

23 forms, and special interrogatories.  At the Local Rule 16-2

24 meeting, the parties shall confer with the objective of

25 submitting one set of agreed upon substantive instructions, a

26 verdict form, and, if necessary, special interrogatories.

27 "Substantive jury instructions" means all instructions

28 relating to the elements of all claims and defenses in the

1   case.  At the time the documents are filed, the parties

2   should deliver to Chambers a copy of these filings on a

3   diskette formatted using WordPerfect version 7.0 or higher.

4         (ii) If the parties cannot agree upon one complete

5   set of substantive instructions, a verdict form, and/or

6   special interrogatories, they shall file two documents with

7   the Court: a joint document reflecting the agreed upon

8   instructions, verdict form, and/or special interrogatories;

9   and a second document in the form of a joint statement

10   regarding the disputed instructions, verdict form, and/or

11   special interrogatories in the following format for each

12   instruction, verdict form, and/or special interrogatories in

13   issue:

14         (a) A separate page containing the text of the

15         disputed language with an identification of the

16         party proposing it;

17         (b) Following the text of the disputed language, the

18         opposing party's statement of objections to the

19         disputed language along with legal authority in

20         support of the argument (not to exceed one page) and

21         proposed alternative language where appropriate; and

22         (c) The proposing party's response to the objection

23         with legal authority supporting the proposed

24         language, not to exceed one page.

25         Both the agreed upon set, and the joint statement

26   re: disputed instructions, verdict form, and/or special

27   interrogatories are to be filed with the Pre-Trial Conference

28   Order and other Local Rule 16 documents.

1    (iii) All proposed jury instructions shall be in the

2 format specified by Local Rule 51-2.  The Court will send a

3 copy of the instructions into the jury room for the jury's

4 use during deliberations.  Accordingly, in addition to the

5 file copies described above, the diskette submitted with the

6 jury instructions shall contain a "clean set" of Joint

7 Proposed and/or Disputed Jury Instructions, containing only

8 the text of each instruction set forth in full on each page,

9 with the caption "Court's Instruction No. ___" (eliminating

10 titles, supporting authority, indication of party proposing,

11 etc.).

12    **(iv) A Table of Contents shall be included with all**

13 **jury instructions (both the agreed upon set and the joint**

14 **statement re: disputed instructions) submitted to the Court.**

15 The Table of Contents shall set forth the following:

16    (a)  The number of the instruction;

17    (b)  A brief title of the instruction;

18    (c)  The source of the instruction; and

19    (d)  The page number of the instruction.

20 For example:

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Burden of Proof | 9th Cir. Manual of Model Jury Instr. 5.1 | 5 |

25    (v)  The Court directs counsel to use the

26 instructions from the Manual of Model Jury Instructions for

27 the Ninth Circuit (West Publishing, most recent edition)

28 where applicable.  Where California law is to be applied and

21

1    the above instructions are not applicable, the Court prefers

2    counsel to use the <u>Judicial Council of California Civil Jury</u>

3    <u>Instructions</u> ("CACI") (LexisNexis Matthew Bender, most recent

4    edition).  If neither of these sources is applicable, counsel

5    are directed to use the instructions from O'Malley, Grenig

6    and Lee, <u>Federal Jury Practice and Instructions</u> (most recent

7    edition).

8                 (vi) Modifications of instructions from the

9    foregoing sources (or any other form instructions) must

10   specifically state the modification made to the original form

11   instruction and the authority supporting the modification.

12       **Caveat:  The failure of any counsel to comply with or**

13   **cooperate in <u>all</u> of the foregoing procedures regarding jury**

14   **instructions and/or verdict forms will constitute a waiver of**

15   **all objections to the jury instructions and/or verdict form**

16   **used by the Court.**

17       **(g) Real-Time Reporting Requirement**

18       Each party must file with the Court, at the same time

19   counsel lodge the PTCO, a document for the Court Reporter

20   which contains proper names, unusual or scientific terms, or

21   any other foreign or uncommon words that are likely to be

22   used by the parties during the PTC and the Trial.  Each party

23   shall also provide a copy of the document in electronic

24   format to Chambers at the time of filing.

25       **(h)  Joint Statement of the Case and Requests for Voir**

26   **Dire**

27       At the Pre-Trial Conference, the parties shall file their

28   proposed voir dire questions and their joint statement of the

1  case which the Court shall read to all prospective jurors

2  prior to the commencement of voir dire.  The statement should

3  be not longer than two or three paragraphs.

4       The Court conducts voir dire of all prospective jurors.

5  The parties need not submit requests for standard voir dire

6  questions, such as education, current occupation, marital

7  status, prior jury service, etc., but should include only

8  proposed questions specifically tailored to the parties and

9  issues of the case.

10  **6.   COURT TRIALS**

11       **(a)  Declarations of Witness Direct Testimony**

12       Counsel in non-jury trials shall submit the direct

13  testimony of their witnesses in writing in a declaration

14  executed under penalty of perjury.  These declarations shall

15  be in admissible form with appropriate foundation established

16  for the declarant's statements.  Paragraphs in each

17  declaration shall be numbered consecutively to facilitate the

18  identification of paragraphs for evidentiary objections.

19       Counsel are to exchange and file these declarations with

20  the Court at least eleven calendar days before trial, unless

21  otherwise ordered by the Court.  Seven calendar days before

22  trial, counsel may file evidentiary objections to those

23  declarations.  Counsel shall prepare a separate document for

24  each declaration for which they have an evidentiary objection

25  in which they shall quote the specific language from the

26  declaration to which they object, followed by the objection

27  and any relevant argument.  Counsel shall file any reply or

28  response to the objections by noon on the fourth calendar day

1  before trial.  Courtesy copies of the declarations and

2  evidentiary objections shall be deposited in the drop box

3  located in the entrance way to Chambers on the date due.

4  **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

5  **OPPOSING PARTY'S WITNESS DECLARATIONS. THESE WILL BE**

6  **DISREGARDED AND OVERRULED.**

7  At trial, the Court will rule on the evidentiary

8  objections and, depending upon the ruling, the declarations

9  will be received in evidence, either in whole or in part, or

10  rejected.  Counsel will then conduct the cross-examination

11  and re-direct examination at trial.

12  Failure to comply with the literal terms of this Order

13  will result in sanctions or the Court may refuse to allow

14  that witness to testify.

15  **(b)  Trial Briefs**

16  Counsel for each party shall file and serve a trial

17  brief, not to exceed 15 pages in length, by the date

18  specified on the last page of this Order.

19  **(c)  Findings of Fact and Conclusions of Law**

20  Counsel for each party shall lodge and serve initial

21  proposed findings of fact and conclusions of law by the date

22  specified on the last page of this Order.  Counsel for each

23  party shall then:

24  (1) Underline in red the portions which it disputes;

25  (2) Underline in blue the portions which it admits; and

26  (3) Underline in yellow the portions which it does not

27  dispute, but deems irrelevant.

28  / / /

24

1    Counsel may agree with a part of a finding or conclusion,
2  disagree with a part of it, and/or consider a part of it
3  irrelevant.

4    Two marked copies of opposing counsel's proposed findings
5  of fact and conclusions of law shall be lodged with the Court
6  seven days before trial and one marked copy shall be served
7  on opposing counsel.  Courtesy copies of the marked copies
8  shall be deposited in the drop box located in the entrance
9  way to Chambers on the date due.  In addition to hard copies,
10 the parties shall submit the initial proposed findings of
11 fact and conclusions of law on a diskette formatted using
12 WordPerfect version 7.0 or higher.

13 **7.    SETTLEMENT**

14    This Court will not conduct settlement conferences in
15 non-jury cases which the Court will try unless counsel for
16 all parties and their respective clients agree either in
17 writing or on the record.  In jury cases, the Court will
18 conduct a settlement conference at the parties' joint request
19 if three conditions exist:

20    (a)  The parties are satisfied that the fact issues in
21 the case will be tried to a jury;

22    (b)  All significant pre-trial rulings which the Court
23 must make have been made; and

24    (c)  The parties desire the Court to conduct the
25 conference, understanding that if settlement fails, the Court
26 will preside over trial of the case.

27 / / /
28 / / /

25

1    The parties must file a Status Report re: Settlement at

2  the time they lodge the Proposed Pre-Trial Conference Order.

3  The Status Report shall include the name and phone number of

4  the Settlement Officer who assisted the parties with their

5  settlement conference.

6    **Caveat:  If counsel fail to file the required Pre-Trial**

7  **documents or fail to appear at the Pre-Trial Conference and**

8  **such failure is not otherwise satisfactorily explained to the**

9  **Court: (a) the cause shall stand dismissed for failure to**

10 **prosecute if such failure occurs on the part of the**

11 **plaintiff; (b) default judgment shall be entered if such**

12 **failure occurs on the part of the defendant; or (c) the Court**

13 **may take such action as it deems appropriate.**

14

15

16 DATED: 8|29|57

JOHN F. WALTER
17                        UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

(Rev. 1/3/07)                26

### JUDGE JOHN F. WALTER
## SCHEDULE OF TRIAL AND PRE-TRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| Trial (court) Estimated length: __1/2__ day | 8:30 am | | | | 2/26/08 |
| [Jury trial] Hearing on Motions in Limine; Hearing on Disputed Jury Instructions | 10:00 am | | | | N/A |
| [Court trial] Hearing on Motions in Limine; File Trial Briefs and Findings of Fact and Conclusions of Law | 10:00 am | | | | 2/12/08 |
| Pre-Trial Conference; File Proposed Voir Dire Qs and Agreed-to Statement of Case | 10:00 am | | | | WAIVED |
| Lodge Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc. | | | | | N/A |
| Last day for hearing motions * | 1:30 pm | | | | 1/21/08 |
| Discovery cut-off | | | | | 1/7/08 |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

| | | | | | |
|---|---|---|---|---|---|
| Last day to conduct Settlement Conference | 12/11/07 | | | | |
| Last day to file Joint Report re: results of Settlement Conference | 12/18/07 | | | | |

\* Motions for class certification shall be filed in accordance with Local Rule 23-3.